IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VIDAL PASTRANA-LÓPEZ,<br><br>        Plaintiff<br><br>           v.<br><br>GERMÁN OCASIO-MORALES, et al.,<br><br>        Defendants | CIVIL NO. 08-1399 (JP) |

**OPINION AND ORDER**

Before the Court is Defendants Benjamín Rodríguez-Torres, Puerto Rico Fire Department, and Estado Libre Asociado de Puerto Rico's motion to clarify (**No. 36**), and Plaintiff Vidal Pastrana-López's opposition thereto (No. 38).  In their motion to clarify, Defendants have requested that the Court (1) enter an Order relieving Defendants from answering the Complaint; and (2) set aside the ISC Call Order. For the reasons stated herein, the Defendants' motion is **GRANTED**.

**I.   PROCEDURAL HISTORY**

Plaintiff Vidal Pastrana filed his complaint against Defendants the Puerto Rico Fire Department ("PRFD"), and Germán Ocasio-Morales ("Ocasio"), the former Chief of the Fire Department.[1]  Plaintiff filed with the Court the summons presented to PRFD and Ocasio.  In response to being served, PRFD and the Commonwealth of Puerto Rico

---

1.   The Commonwealth of Puerto Rico was subsequently added as a Defendant in the case.

CIVIL NO. 08-1399 (JP)          -2-

filed a motion to dismiss (No. 6) on Eleventh Amendment grounds and on the grounds that the action was time barred.  Plaintiff acquiesced to the Motion to Dismiss on the grounds that Defendants had immunity under the Eleventh Amendment, but contested the issue of whether the claims were time barred.

On the same day, Plaintiff moved for entry of default judgment against Ocasio (No. 9) because Ocasio did not respond to the complaint served on him.  Accordingly, default judgment against Ocasio was entered by the Clerk of the Court (No. 10).  Later, in a motion to quash the summons as to Ocasio, it was brought to the Court's attention that Plaintiff did not properly serve Ocasio (No. 11).  The Court granted the motion to quash the summons as to Ocasio (No. 15).

After the motion to quash the summons on Ocasio and before the Order granting the motion to quash, Plaintiff moved to amend the default judgment, requesting that the Court dismiss without prejudice Plaintiff's claims for compensatory damages, but maintain the entry of default as to the claim for injunctive relief (No. 13).  Plaintiff then filed a motion to dismiss the claims as to Ocasio in his personal capacity only (No. 14).  The Court granted the motion to amend the entry of default judgment (No. 17) and entered an Order dismissing without prejudice Plaintiff's claims against Defendant Ocasio in his personal capacity only (No. 18).

CIVIL NO. 08-1399 (JP)            -3-

Plaintiff then moved for reconsideration of the Order to quash the summons to Ocasio claiming that, while Ocasio was not properly served in his personal capacity, he was properly served in his official capacity as the Chief of the Fire Department (No. 20). To make matters more complicated, the acting Chief of the Fire Department, Col. Edwin Solivan-González, filed a motion to join the motion to dismiss filed by Defendants PRFD and the Commonwealth of Puerto Rico (No. 21). The Court allowed the Chief of the Fire Department to join the motion (No. 22). Immediately thereafter, the Chief of the Fire Department moved to set aside the Court's Order(No. 17) amending the entry of default judgment (No. 23).

On November 5, 2008, the Court entered an Opinion and Order (No. 26) on the motion to dismiss filed by Defendants PRFD, Commonwealth of Puerto Rico, and Edwin Solivan-González, as the Chief of the Puerto Rico Fire Department.[2] The Court found that the appearing Defendants were entitled to Eleventh Amendment immunity and therefore dismissed all the claims against the appearing Defendants. Also, the Court found that the § 1983 claims were time barred.

Defendants appealed to the United States Court of Appeals For The First Circuit this Court's ruling that the § 1983 claims were time barred. No appeal was taken as to the Court's decision to dismiss all the claims against appearing Defendants on Eleventh

---

2.   Defendant Ocasio did not join in the motion.

CIVIL NO. 08-1399 (JP)            -4-

Amendment grounds.  The First Circuit reversed the ruling that the §1983 claims were time barred (No. 31).  The Court then ordered Defendants to answer the complaint while it determined whether there were any claims remaining in the case after the decision by the First Circuit (No. 33).

## II. ANALYSIS

In the instant motion to clarify, Defendants submit that currently there are no Defendants before the Court.  Plaintiff responds by claiming that "Co-defendant Ocasio, in his official capacity, or more correctly the Chief of the Fire Department in his Official Capacity, never moved to vacate the entry of default or to set it aside, nor to reconsider [the Court Order amending the default judgment against Ocasio]" (No. 38).  Therefore, Plaintiff submits to the Court that Defendant Ocasio remains in the instant action in his official capacity.

The Court agrees with the former Defendants that there are currently no Defendants in this case.  The personal claims against Ocasio were voluntarily dismissed without prejudice.  The claims against Edwin Solivan-González, PRFD and the Commonwealth of Puerto Rico were dismissed in the motion to dismiss on Eleventh Amendment grounds.  Plaintiff did not appeal that part of the Court's Opinion and Order.

This leaves the Court with the issue of whether dismissal of Edwin Solivan-González also eliminated all the claims against Ocasio

CIVIL NO. 08-1399 (JP)          -5-

in his official capacity as the Chief of the Fire Department. Rule 25(d) of the Federal Rules of Civil Procedure states that when a public officer is succeeded by another, the successor is automatically substituted as a party. The rule explains that substitution occurs even if the Court does not expressly mandate substitution. Accordingly, when Edwin Solivan-González took over as the Chief of the Fire Department, he substituted Ocasio's official capacity in this case. Thus, when the Court granted the motion to dismiss the claims against Edwin Solivan-González, it dismissed all the claims against the Chief of the Fire Department in his official capacity.

Furthermore, Plaintiff's argument that the Chief of the Fire Department in his official capacity is still a Defendant in this case because he never challenged the entry of default is unavailing. Edwin Solivan-González, as the Chief of the Fire Department, contested the entry of default when he submitted a motion to set aside the Order of the Court amending the default judgment (No. 23) and when he joined the motion to dismiss (No. 22). Thus, the Court finds that there are no Defendants remaining in the case.[3]

### III. CONCLUSION

The Court hereby **NOTES** the motion to clarify submitted by Defendants. Also, the Court **AMENDS** its August 6, 2009 Order (No. 33)

---

3. Plaintiff still has the option of re-filing his claim against Ocasio in his personal capacity since the Court dismissed the claim without prejudice.

CIVIL NO. 08-1399 (JP)          -6-

and Orders that Defendants do not have to answer the complaint. Lastly, the Court **SETS ASIDE** the ISC Call Order.[4]

In light of the facts that: (1) the Court's previous dismissal of the official capacity Defendants on Eleventh Amendment grounds still stands following the judgment of the First Circuit; and (2) the claims against Defendant Ocasio in his personal capacity were voluntarily dismissed, the Court will enter judgment dismissing the complaint.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of September, 2009.

> s/Jaime Pieras, Jr.
> JAIME PIERAS, JR.
> U.S. SENIOR DISTRICT JUDGE

---

4. In accordance with this Opinion and Order, the Court **GRANTS** Defendants motion to Set Aside the ISC Call Order (**No. 41**) and **DENIES** Plaintiff's motion for Default Judgment (**No. 42**).